UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY MORIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00398-LEW |
| | ) | |
| MAINE DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff asserts claims against multiple defendants involved in Maine's child protection system and law enforcement based on the alleged unlawful removal of Plaintiff's minor child from Plaintiff's home. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 5.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss all but one alleged claim.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the

court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### FACTUAL ALLEGATIONS

Plaintiff asserts that Defendants DeAmelio-Rafferty and Gross (employees of the Maine Department of Health and Human Services (DHHS)), Defendant MacDonald (Plaintiff's probation officer), and Defendants Walles and Rossignol (local police officers), entered Plaintiff's home and removed his minor child without a court order, warrant, or the

2

existence of an imminent danger. (Complaint ¶¶ 12, 14.) Plaintiff alleges that the removal occurred despite his compliance with DHHS conditions, which evidently were related in part to Plaintiff's substance use. Plaintiff further asserts that because he criticized DHHS, he and his family were "punished" in the form of "reduced visits and subjective goals." (*Id*. ¶ 19.)

Plaintiff asks the Court to determine that Defendants violated his constitutional rights. He seeks monetary and injunctive relief.

## DISCUSSION

To state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiff's rights. In several instances, Plaintiff has either failed to allege any facts against a named defendant or alleged tangential involvement in the circumstances underlying Plaintiff's complaint. While Plaintiff lists Mikinlee White, Stephanie Gaddar, and Emilia Hugo-Vidal as defendants in the caption of the complaint, he does not otherwise reference them in the complaint and makes no specific allegations against them. In addition, Plaintiff's only assertion as to Renee Morin, also listed as a defendant in the caption, is that DHHS placed the minor child with her after removal. Finally, as to Psychemedics Corporation, Plaintiff alleges, "Psychemedics drug test results for [the minor child's mother] were later disproven by independent hair follicle testing. DHHS ignored this." (Complaint ¶ 18.) Plaintiff's allegations are simply insufficient to support a claim against Defendants White, Gaddar, Hugo-Vidal, Morin, and Psychemedics Corporation.

Although Plaintiff did not specifically reference the Fourth Amendment in his complaint, his allegations implicate the protections afforded by the Amendment. As the court in *Becker v. New Hampshire Division for Children, Youth, and Families*, No. 24-cv-30-JL-TSM, 2025 WL 264724, at *3 (D.N.H. Aug. 13, 2025) recently explained:

> The 'Fourth Amendment requires government officials, including social workers, who go to a home to investigate reported child abuse or neglect allegations for the purpose of assuring the well-being of the child to obtain a warrant unless an exception to the warrant requirement applies.' " *Sabey v. Butterfield*, 720 F. Supp. 3d 82, 89–90 (D. Mass. 2024)(quoting *Goodall v. Worcester Sch. Comm.*, 405 F. Supp. 3d 253, 273 (D. Mass. 2019) (citing *Andrews v. Hickman Cty., Tenn.*, 700 F.3d 845, 861 (6th Cir. 2012))); *see also McMurry v. Weaver*, 142 F.4th 292, 299 (5th Cir. 2025) ("In the context of child welfare investigations, this court has explained that 'the typical Fourth Amendment standards of a court order, consent, or exigent circumstances apply.' *Gates v. Texas Dept. of Protective and Reg. Services*, 537 F.3d 404, 424 (5th Cir. 2008)."). "Exigent circumstances exist when a child faces immediate danger." *Id*. (internal quotation marks omitted).

Here, Plaintiff's assertion that Defendants DeAmelio-Rafferty, Gross, MacDonald, Walles, and Rossignol, entered his home without a warrant, court order, or exigent circumstances and removed his child is sufficient to support a Fourth Amendment claim at this stage of the proceeding.

Plaintiff's actions also implicate the First Amendment. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in activities covered by the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Powell v. Alexander*, 391 F.3d 1, 16–17 (1st Cir. 2004).

To state a First Amendment retaliation claim, a plaintiff must show: (1) that he or she engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the plaintiff because of the protected conduct; and (3) that the adverse action was more than de minimis, i.e., was sufficient to deter a plaintiff of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011).

Plaintiff does not provide any detail regarding the substance of his complaints against DHHS. He does not describe what he said, to whom he made the complaints, when he made the complaints, when the adverse consequences occurred, or who took the adverse action. In other words, while Plaintiff alleges that he experienced more than de minimis adverse consequences after making his complaints, which consequences include limiting Plaintiff's contact with his minor child, he has not alleged sufficient facts to support a finding that he suffered the adverse consequences due to the complaints rather than for other reasons.

The omission of such facts is particularly relevant given that Plaintiff alleges closely related adverse actions that began before he made the complaints, and thus could not be causally related to his complaints. Without more, "the Complaint does not 'support a fact-based inference' that the . . . Defendants' actions were anything other than routine actions undertaken by [government] officials in the exercise of their responsibilities." *Powell v. City of Pittsfield*, No. CV 18-30146-MGM, 2020 WL 7700123, at *10 (D. Mass. June 29, 2020) (assuming adverse consequences followed protected speech but there was insufficient support to infer retaliatory motive) (quoting *Campagna v. Massachusetts*

5

*Department of Environmental Protection*, 334 F.3d 150, 155 (1st Cir. 2003 and citing *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 36 (1st Cir. 2011)).

Plaintiff asserts that Defendants violated his procedural and substantive due process rights. The Fourteenth Amendment states in part that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005). The First Circuit has recognized that governmental action that disrupts or interferes with the family unit could implicate an individual's due process rights. *See Conner B. ex rel. Vigurs v. Patrick*, 774 F.3d 45, 58 (1st Cir. 2014).

"Procedural due process guarantees that a state proceeding which results in a deprivation of property is fair. . . ." *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir. 1994). In other words, it "assures individuals who are threatened with the deprivation of a significant liberty or property interest by the state notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Ford v. Bender*, 768 F.3d 15, 24 (1st Cir. 2014) (quoting *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990)). A procedural due process claim "must allege 'that [the plaintiff] was deprived of constitutionally protected property because of Defendants' actions, and that the deprivation occurred without due process of law.'" *Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st Cir. 2020)

(alteration in original) (quoting *Rumford Pharmacy, Inc. v. City of E. Providence*, 970 F.2d 996, 999 (1st Cir. 1992)).

Here, other than the warrantless entry to his home, Plaintiff has not alleged any facts regarding the removal process. Maine law provides for a specific process, including a prompt hearing, following removal. *See* 22 M.R.S. § 4031 et seq. Plaintiff, however, has not alleged that a hearing did not occur or that the hearing was deficient in any way. Plaintiff thus has not alleged sufficient facts to support a procedural due process claim.

The substantive guarantee of the Due Process Clause "rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible." *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990). "The substantive component of the Due Process Clause is violated by executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning"). Even if Defendants should have had but did not have a court order to remove Plaintiff's minor child, the limited facts included in Plaintiff's complaint—from which facts one can reasonably infer that DHHS had been involved with Plaintiff's family for some time due in part to Plaintiff's substance use—cannot reasonably be characterized as conscience shocking.

Plaintiff also seeks relief under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973. The ADA and Rehabilitation Act "provide, in nearly identical

7

language, that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014).[1]

To state a claim, a plaintiff must provide a short and plain statement that identifies the disability and the relationship between the disability and the policy or practice on which the discrimination claim is based. *See, e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006) ("To state a claim for a violation of Title II [of the ADA], a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.").

Plaintiff has not alleged that he has a disability. To the extent Plaintiff maintains that he suffers from substance use disorder, Plaintiff has not alleged facts that would support a finding that he was discriminated against because of the disability. Plaintiff, therefore, has failed to allege an actionable claim under the ADA or Rehabilitation Act.

Plaintiff's attempt to assert a state law negligence claim also fails. To prove a negligence claim, a plaintiff must establish "a duty owed, a breach of that duty, and an

---

[1] Title II prohibits such conduct by public entities. 42 U.S.C. § 12132. Title III prohibits discrimination in places of public accommodation. 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

injury to the plaintiff that is proximately caused by a breach of that duty." *Stanton v. Univ. of Maine Sys.*, 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049. In general, "[w]hether a party owes a duty of care to another is a question of law," while "the breach and proximate cause issues are questions of fact." *Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996). Plaintiff has not alleged or described the duty that Defendants owed nor how the duty was breached.

Finally, Plaintiff seeks relief for "unconstitutional customs, practices, and policies." (Complaint at 2.) Through the allegation, Plaintiff evidently attempts to impose liability on DHHS. Municipal or governmental entities cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by an employee. *See Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). For a municipality or governmental entity to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Even if Plaintiff had alleged the existence of a policy or custom that was violated, state agencies are not considered persons under 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989), and under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, states and state agencies may not be sued by citizens in federal court, regardless of the form of relief requested, *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009). Because DHHS is an agency of the state of Maine, Plaintiff cannot proceed on his claims against DHHS.

## CONCLUSION

For the reasons state above, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's claims except for Plaintiff's claim against Defendants DeAmelio-Rafferty, Gross, MacDonald, Walles, and Rossignol based on an alleged Fourth Amendment violation.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of October, 2025.